UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IPFS CORPORATION | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-463-SDJ |
| | § | |
| VINTAGE TRANSPORT, INC. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Application for Writ of Garnishment. (Dkt. #9). Having considered the application and the relevant law, the Court will grant the application.

### I. BACKGROUND

Plaintiff IPFS Corporation filed this breach of contract action against Defendant Vintage Transport, Inc. in May 2025. (Dkt. #1). After unsuccessfully attempting to serve Defendant directly, IPFS served Defendant via the Texas Secretary of State. (Dkt. #5 ¶¶ 2–5); (Dkt. #5-1 at 2) (letter from the Texas Secretary of State certifying that it forwarded a copy of the summons and IPFS's complaint to Defendant's registered agent). When Defendant failed to appear or file a responsive pleading by the deadline, IPFS requested that the Clerk of Court enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. #5 ¶¶ 6–8). The Clerk entered default the same day. (Dkt. #6).

IPFS then applied to the Clerk for default judgment under Rule 55(b)(1). (Dkt. #7); FED. R. CIV. P. 55(b)(1) (authorizing and directing the clerk to enter default judgment where "plaintiff's claim is for a sum certain or a sum that can be made

certain by computation"). The Clerk entered default judgment against Defendant in the amount of $338,583.48. (Dkt. #8).

IPFS now seeks a writ of garnishment against PNC Bank, National Association ("Garnishee"). In support of its application for the writ, IPFS submitted an affidavit of its Director of Litigation Recovery with the following averments:

1. "On September 15, 2025, this Court entered judgment in favor of Plaintiff and against Judgment Debtor in the amount of $338,583.48 (the '**Judgment**')." (Dkt. #9-2 ¶ 3).

2. "The Judgment is valid, subsisting, and no supersedeas bond has been filed or approved." (Dkt. #9-2 ¶ 4).

3. "The Judgment has not been paid and remains due and owing in the amount of $338,583.48." (Dkt. #9-2 ¶ 5).

4. "Upon my best information and belief, Judgment Debtor [Vintage Transport, Inc.] does not possess property in Texas subject to execution sufficient to satisfy the Judgment." (Dkt. #9-2 ¶ 6).

5. "I have reason to believe that PNC Bank, National Association has property and/or monies belonging to, or is otherwise indebted to[,] Judgment Debtor." (Dkt. #9-2 ¶ 7).

6. "This garnishment is not sought to injure Judgment Debtor or Garnishee." (Dkt. #9-2 ¶ 8).

## II. LEGAL STANDARD

State-law remedies, including garnishment, are available to satisfy money judgments in federal court. *See* FED. R. CIV. P. 69(a)(1); *see also Grenada Bank v. Willey*, 694 F.2d 85, 87 (5th Cir. 1982) (explaining that "Rule 69 does not preclude the use of garnishment [under state law] for enforcement of a [federal] judgment"). As a state-law remedy, garnishment "must accord with the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(1).

Under Texas law, "[a] writ of garnishment is available if . . . a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001. A judgment is "[valid] and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond shall have been approved and filed." TEX. R. CIV. P. 657. Plaintiff's application for writ of garnishment must be "supported by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts." TEX. R. CIV. P. 658. The application must also "comply with all statutory requirements and shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." *Id.*

In its order granting the application, the court "shall make specific findings of facts to support the statutory grounds found to exist, and shall specify the maximum value of property or indebtedness that may be garnished and the amount of bond required of plaintiff." *Id.*

### III. Discussion

The Court finds that the requirements for a writ of garnishment under Texas law have been met here. IPFS has a valid and subsisting judgment, (Dkt. #8), and the record reflects that no supersedeas bond has been approved or filed. IPFS submitted an affidavit stating that, within its knowledge, Defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment. (Dkt. #9-2 ¶ 6). That affidavit was made by IPFS's Director of Litigation Recovery, who has personal knowledge of relevant facts. (Dkt. #9-2 ¶ 2). Thus, IPFS's application "compl[ies] with all statutory requirements" and properly "state[s] the grounds for issuing the writ and the specific facts relied upon by [IPFS] to warrant the required findings by the court." Tex. R. Civ. P. 658.

### IV. Conclusion

For these reasons, Plaintiff's Application for Writ of Garnishment, (Dkt. #9), is **GRANTED**.

It is **ORDERED** that the Clerk of Court shall issue a writ of garnishment against Garnishee PNC Bank, National Association. The maximum value of property or indebtedness that may be garnished may not exceed the unsatisfied amounts awarded in the Judgment in the underlying action: **$338,583.48**, plus all costs of court and pre-and post-judgment interest. No bond shall be required of Plaintiff.

**So ORDERED and SIGNED this 15th day of January, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE